UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>          Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, KERN VALLEY STATE PRISON, CALIFORNIA STATE PRISON-CORCORAN,<br><br>          Defendants. | Case No. 1:22-cv-00131-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc No. 2)<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>ORDER TO ASSIGN TO DISTRICT JUDGE |

      Plaintiff David Roberts—a state prisoner—initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 in the Sacramento Division of the Court December 22, 2021. (Doc. No. 1). The case was transferred to this Court on February 1, 2022. (Doc. No. 7). Pending is Plaintiff's motion to proceed *in forma pauperis* ("IFP motion"). (Doc. No. 2).

      For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three dismissals that constitute strikes, and the Complaint does not establish that Plaintiff meets the imminent danger exception. Plaintiff must pay the full filing fee if he wishes to proceed with a civil action.

## BACKGROUND AND FACTS

The Complaint names the following entities as defendants: the State of California, the California Department of Corrections and Rehabilitation, Kern Valley State Prison ("KVSP"), and California State Prison-Corcoran ("CSPC"). (*Id*. at 1, 2). In the section of the complaint form where a plaintiff is required to identify if he filed any prior actions, Plaintiff checks the box "yes" but fails to identify the number of cases or provide any information about the cases, and instead writes "N/A, Multiple, ByPass, N/A." (*Id*. at 2). The Complaint does not specify the date(s) when the events giving rise to Plaintiff's claims occurred. (*Id*. at 3-5). Although not the model of clarity, Plaintiff alleges violations of the Eighth Amendment for excessive use of force stemming from physical force by six to eight officers while he was handcuffed, which occurred when he he was incarcerated at KSVP and CSPC. (*Id*. at 3). Plaintiff also alleges violations of the Eighth Amendment against unnamed staff at KVSP and Delano Hospital for covering-up injuries he sustained from the excessive use of force. (*Id*. at 4). Finally, Plaintiff alleges a First Amendment denial of access to court claim stating unspecified people willfully threw out his mail intended for the court. (*Id*. at 5). As relief, Plaintiff seeks $95,000 in monetary damages. (*Id*. at 6).

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citations omitted). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id*.; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir.

2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the dismissal must have been before plaintiff initiated the current case. See § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. Further, where a court dismisses a complaint for failure to state claim with leave to amend, the court's subsequent dismissal for failure to comply with a court order by filing an amended complaint constitutes a strike for purposes of § 1915(g). *Harris v. Magnum*, 863 F.3d 1133, 1143 (9th Cir. 2017).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). However, assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are

3

any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298–99 (2d Cir. 2009)). To determine whether such a nexus exists, the court considers "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." *Id*.

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have concluded the proper procedure is to outright dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *See Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005). Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the

4

Prison Litigation Reform Act. As the United States Supreme Court recently noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. By curbing the "flood of nonmeritorious claims," § 1915(g) provides the court with a mechanism to recognize a "three striker," deny IFP on that basis, require payment of the full filing fee, which absent being paid, the court may dismiss the case, thereby permitting time for consideration of suits more likely to succeed. *Id.* at 1726; *see also Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (recognizing PLRA was "designed to filter out the bad claims filed by prisoners and facilitate consideration of the good.") (citations and internal quotations and alterations omitted).

## ANALYSIS

### A. Plaintiff Has Three or More Qualifying Strikes

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). A review of the court's case management electronic system and Pacer database reveals Plaintiff filed at least 27 civil actions in a district court or appellate court of the United States and has had at least three cases dismissed that qualify as a strike under Ninth Circuit caselaw prior to filing this lawsuit. Although not exhaustive, for purposes of this report and recommendation, each of the following cases are properly deemed qualifying § 1915(g) strikes and each dismissal was entered before the instant action was filed:

| Date of Order | Case Style | Disposition |
|---|---|---|
| April 15, 2019 | *Roberts v. Riverside County Superior Courts*, No. 5:19-cv-00446-VBF-RAO (C.D. Cal. 2019). | Order adopting findings and recommendations finding complaint subject to dismissal for failure to state a claim. |
| November 25, 2019 | *Roberts v. KVSP Investigation Service Unit* Case No. 1:19-cv-01055-AWI-SAB (E.D. Cal. 2019). | Order adopting findings and recommendations to dismiss complaint for failure to state a claim. |

| March 10, 2020 | *Roberts v. Sgt. Huckleberry, et. al.,* Case No. 1:18-cv-01237-DAD-SAB (E.D. Cal. 2020). | Order adopting findings and recommendations to dismiss complaint for failure to state a claim. |
|---|---|---|
| February 18, 2021 | *Roberts v. Stephen Henderson,* No. 1:20-cv-00592-DAD-SAB (E.D. Cal. 2021). | Order adopting findings and recommendations to dismiss the complaint as barred by *res judicata noting prior complaint was dismissed for failure to state a claim* |

**B. The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed. *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). Liberally construing the Complaint, the undersigned find it contains no plausible allegations sufficient to allege Plaintiff was in imminent danger of serious physical injury at the time he filed the action. While there are allegations Plaintiff sustained physical injuries, he does not specify the date he sustained the injuries. Nonetheless, it is clear from the Complaint that the events of which Plaintiff complains happened in the past. First, when Plaintiff filed the Complaint, he was no longer incarcerated in either KSVP or CSPC. Second, in his second claim, Plaintiff faults unnamed individuals who allegedly covered up his injuries. Thus, the events giving rise to Plaintiff's claims occurred in the past. There are no factual allegations from which the undersigned can find any basis that Plaintiff is currently under threat of imminent physical danger to invoke the § 1915(g) exception. Based on the foregoing, the undersigned recommends Plaintiff's IFP motion be denied under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

////

////

6

**CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the undersigned **RECOMMENDS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be **DENIED.**

2. This action be **DISMISSED without prejudice** either: (a) to refiling upon prepayment of the filing fees; or (b) within a certain time period within which to pay the full filing fee.

It is further **ORDERED** that the Clerk of Court is DIRECTED to randomly assign a United States District Judge for consideration of these Findings and Recommendations.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   April 13, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE